IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAQUAN MANN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:24-1015 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | Magistrate Judge Patricia L. Dodge |
| PA PAROLE BOARD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus (ECF 1) filed by Saquan Mann under 28 U.S.C. § 2254. Mann, who is proceeding *pro se*, is challenging the decision by the Pennsylvania Parole Board ("Board") to deny him parole. It is respectfully recommended that the Court dismiss the Petition because it is moot and deny a certificate of appealability.

**II.    REPORT**

   **A.    Relevant Background**

When Mann filed the Petition for a Writ of Habeas Corpus he was in the custody of the Pennsylvania Department of Corrections ("DOC"), which housed him at SCI Pine Grove. He was serving a term of imprisonment for the crimes of, as he described it, "drug delivery resulting in death." (ECF 1 at 1.) In the Petition, Mann challenged the Board's decision denying him parole. As relief, he sought an order from this Court directing Respondents (the Board and the Superintendent of SCI Pine Grove) to immediately release him to parole.[1] (*Id.* at 15.)

---

[1] Mann also seeks money damages (ECF 1 at 15), but that type of relief is not available in a habeas proceeding. *Marine v. Quintana*, 347 F. App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

Respondents filed an Answer (ECF 6) in which they asserted that the Court should deny the Petition for various reasons, including that Mann failed to exhaust his available state court remedies.

The Court takes judicial notice of the publicly available information provided by the records department at SCI Pine Grove as well as the DOC's online Inmate and Parolee Locator, which is available at https://www.pa.gov/en/agencies/cor/inmate-parolee-locator.html. They confirm that Mann has served his full sentence and has been released from the custody of the DOC.

B.  Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed

as moot. *Id.* at 147-48; *Keitel*, 729 F.3d at 280. That is the case here. Mann is no longer incarcerated. Thus, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.")

### C.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

Mann is not entitled to a certificate of appealability because jurists of reason would not find it debatable that all of his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.    CONCLUSION

Based on the foregoing, it is respectfully recommended that the Court dismiss the Petition because it is moot and deny a certificate of appealability. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and

Recommendation. Failure to do so will waive the right to appeal.[2] *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  December 23, 2025            /s/ Patricia L. Dodge
                                     PATRICIA L. DODGE
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Mann has not updated his address of record. Therefore, the Court will mail this Report and Recommendation to his address of record at SCI Pine Grove, since that is the last known address he provided to the Court.